ROBERT L. BLAND, Judge.
After attending the funeral of his mother at ten o’clock on. the morning of October 2, 1941, claimant Wayne Damron,, of McVeigh, Kentucky, was driving, his Chrysler automobile east between Huntington and Williamson, West Virginia,, on U. S. route No. 52. Other occupants of the automobile were claimant Zillie Damron, wife, and Rebecca Damron,, sister, of said! *237 Wayne Damron. At a point known as “Sam Adam’s Curve” on said highway, about twenty miles east of Wayne Court House and a mile above Genoe, in Wayne county, state road truck No. 238-27, driven by Earl Tabor, of East Lynn, ran into and collided with the Wayne Damron automobile. As a result of the accident the Wayne Damron vehicle was badly damaged and claimants Zillie Damron and Rebecca Damron suffered personal injuries. Wayne Damron filed his claim in the court of claims for an award on the 22nd of May 1942, and Zillie Damron and Rebecca Damron filed their claims, respectively, in said court on July 18, 1942. Claimant Wayne Damron seeks an award of $383.48; claimant Zillie Damron asks damages in the sum of $500.00, and claimant Rebecca Damron asks for reimbursement for money expended by her in the amount of $13.25, and $200.00 to compensate her for pain and suffering, making a total of $213.25.
Since all three of the claims grow out of the same accident and involve the same facts with respect to the question of liability for damages they were placed upon the trial calendar of the court for investigation and hearing on the 22nd of July 1942, a day of the regular July term of said court. After the three claims had been duly docketed as aforesaid the state road commission caused a careful and thorough examination to be made of the facts attending the accident and determined that the responsibility for said accident was due to the negligence of the driver of the state road truck. Thereupon, and prior to the date appointed for the hearing of said claims, said three claimants and the state road commission entered into an agreement whereby a compromise adjustment and settlement was made of said claims subject to the approval and ratification of the court of claims.
On the day appointed for the investigation and hearing of said claims, by leave of the court, the petition of claimant Wayne Damron was amended by making Calvert Fire Insurance Company, a corporation, a co-claimant thereto.
When said three claims were called for hearing on said 22nd day of July 1942, counsel for said claimants and' the assistant *238 to the attorney general made the following stipulations a part of the record of said claims, respectively:
“It is stipulated and agreed by and between J. W. Copley, counsel for each of the claimants, and the state road commission by E. B. Stephenson, assistant to the attorney general, that the evidence to be submitted in case of Nos. 95, 120 and 121 may be submitted on all three claims at the same time and by the same witness and upon the same examination.
“Furthermore, that a compromise of these claims has been agreed upon, subject to the approval and ratification of the court of claims, whereby Wayne Damron, case No. 95, is to receive $343.82 for the damages to his automobile; that Zillie Damron, case No. 120, is to receive $100 for her personal injuries; and that Rebecca Damron, case No. 121, is to receive $50 for her personal injuries.
“It is further stipulated and agreed that since the filing of this petition the Calvert Fire Insurance Company, a corporation, has paid to Wayne Damron $253.82 and that they are subrogated to that extent upon this claim, and that when claim No. 95 is paid that the draft claim should be drawn jointly to Wayne Damron and the Calvert Fire Insurance Company. It is further understood and agreed that J. W. Copley, who appears today for the claimants in the three claims, is also counsel for the Fire Insurance Company and that the claim when paid should be mailed to him.
“It is further stipulated, understood and agreed that the settlement of these claims as hereinbefore set forth will be in full and complete settlement for any and all damages claimed or sustained by the three claimants as well as the claim by the Fire Insurance Company against the state road commission, its agents and employees.”
The evidence adduced before the court in support of the claims and the compromise adjustment and settlement thereof show that the accident was caused by the negligence of the driver of the state road commission truck. As claimant Wayne Damron approached the Adams Curve he was successfully *239 passed by four or five trucks, but the state road commission truck driven by Earl Tabor was approaching him on his side of the road. When he saw it coming toward him and that it was likely to hit his car he cut his vehicle to the curb and stopped it. When he stopped his vehicle it was struck by the approaching truck. Damron was driving on the extreme right of his side of the highway — as he expressed it, “hugging the extreme right.” The driver of the road truck admitted to claimant Zillie Damron that he was responsible for the accident. He said, “I couldn’t help it. I seen I was going to hit you and reached for my emergency brake and stopped.” The only reason assigned by him was that there was something wrong with the steering wheel of his truck. In a very few minutes after the accident it was investigated by Oscar Allen, an employee of the road commission. A member of the state police force also arrived at the scene of the accident. Mr. Allen made measurements on the highway. The state policeman also made measurements and an investigation of the accident. It was found that the left hind wheel of the Damron automobile was four feet on the extreme right of the double line, there being a double line going around the curve on the highway. The state road truck was at least four or five feet over on the wrong side of the road. Mr. Allen had the Damron car conveyed to the State Garage at Wayne. Mr. Allen testified that as a result of his investigation he found that Earl Tabor, the driver of the state truck, was at fault and that his negligence was responsible for the accident. It is also shown that Tabor was charged and convicted of reckless driving and relieved from further employment with the state road commission on account of the accident.
The Wayne Damron automobile was badly damaged. To repair it would require the expenditure of $303.82. Other costs shown by the evidence to have been incurred by claimant Wayne Damron would amount to $40.00. ' These two sums would aggregate the amount proposed to be paid to him in settlement of his damages by the compromise adjustment.
*240 Claimant Zillie Damron had been undergoing medical treatment at Dr. Hatfield’s hospital in Huntington for gall bladder trouble. At the time of the accident she was in her menstrual period and the shock of the accident seriously impaired her nervous system. She sustained bruises and injuries. The proposed compromise settlement with her is a very reasonable one.
Claimant Rebecca Damron is shown to have sustained shock and slight personal injuries. She was practically unable to do any housework for some time and had to employ a maid to assist about the housework and the award of $50.00 proposed to be made to her in the compromise adjustment appeals to the court as a very reasonable sum.
Upon consideration of all of the evidence offered in support of the claims and the proposed compromise settlement and adjustment thereof, we are of opinion that the settlement proposed to be made and agreed upon by and between claimants and the state road commission is fair, reasonable and just .
We therefore make the following awards in favor of the claimants, that is to say:
1. To Wayne Damron and Calvert Fire Insurance Company, a corporation, jointly, three hundred forty-three dollars and eighty-two cents ($343.82), ninety dollars ($90.00) thereof to claimant Wayne Damron, and the residue of two hundred fifty-three dollars and eighty-two cents ($253.82) to Calvert Fire Insurance Company, a corporation; but we do not see thakwe have jurisdiction to provide for the manner of the delivery to said claimants or their attorney and submit all matters relating to the appropriation and delivery of said awards to said Damron and the Insurance Company to the Legislature.
2. To Zillie Damron, one hundred dollars ($100.00).
3. To Rebecca Damron, fifty dollars ($50.00).